### Caperton's Exor v. Todd, et al.

(Decided January 6, 1911.)

## Appeal from Madison Circuit Court.

Will—Construction—Intention of Testator.—Testator by his will provided as follows: "I will and desire that Clyde Todd, wife of S. P. Todd, have the income on $5,000.00, the same to be paid her annually during her natural life by my executor, Richard Cobb, at the end of her life estate said payment is to cease. I will and devise that Mrs. William C. Talbot be given the income on $5,000.00, the same to be paid to her annually during her natural life by my executor, Richard Cobb. At the end of her life estate said payment is to cease." Held, it is the duty of the court to ascertain the intention of the testator if possible. If he had intended to give those ladies $300.00 in cash each year, he would have said so in unmistakable terms. It was the intention of the testator to set apart $5,000.00 to each, and all that these sums would make annually was to be paid to Mrs. Talbot and Mrs. Todd, whether more or less than $300.00.

A. R. BURNAM & SON for appellant.

J. T. COBB for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The executor brought this action against Mrs. Wm. C. Talbot and Mrs. Clyde Todd to have the following provisions of J. W. Caperton's will construed so that he might make a settlement with the defendants. The two provisions of the will are as follows:

"I will and desire that Clyde Todd, wife of S. P. Todd, have the income on $5,000, the same to be paid her annually during her natural life by my executor, Richard Cobb, at the end of her life estate, said payment is to cease.

"I will and devise that Mrs. Wm. C. Talbot be given the income on $5,000, the same to be paid her annually during her natural life by my executor Richard Cobb, at the end of her life estate, said payment is to cease."

The lower court decided that these ladies were to receive $300 each annually and the executor has appealed.

It is the duty of the court to ascertain the intention of the testator, if possible. There is nothing in the will explaining his meaning other than the language above quoted. If the testator had intended to give these ladies $300 in cash each year, he would have said so in unmistakable terms. The testator willed each of these ladies the income from $5,000 to be paid to each of them so long as they lived. The intention of the testator was to set apart $5,000 to each, and all that these sums would make annually was to be paid to Mrs. Talbot and Mrs. Todd. It might be more and it might be less than $300.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.